# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN LANGLEY, | CASE NO. 1:10-cv-00030 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| R. J. BALLASH, | (ECF No. 1) |
| Defendant. | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

The events at issue in this action occurred at the U.S. Penitentiary at Atwater, where Plaintiff was housed at the time.[1] Plaintiff names as the defendant in this action R.J. Ballash, an employee of the U.S. Bureau of Prisons at Atwater. Defendant Ballash is the Disciplinary Hearing Officer at USP Atwater. Plaintiff's claim stems from a disciplinary conviction he suffered at Atwater.

Plaintiff alleges that he received a "misconduct report" for fighting. At his disciplinary hearing, Plaintiff indicated that he acted in self-defense. Specifically, Plaintiff was attacked by other inmates. Plaintiff alleges that a staff member "had already written a statement that I acted in self-defense." Plaintiff asked the hearing officer to review the video of the event, as it had taken place in view of a camera. Plaintiff's request was denied. Plaintiff was found guilty, and sentenced to 180 days loss of commissary and transfer to another correctional institution. Plaintiff alleges that Defendant deliberately ignored evidence that clearly indicated that Plaintiff acted in self defense.

### A. State Actor

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that

---

[1] Plaintiff is currently housed at the U.S. Penitentiary in Lewisburg, PA.

2

1   person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act
2   which [that person] is legally required to do that causes the deprivation of which complaint is made."
3   Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743
4   9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of
5   direct, personal participation in the deprivation, but also by setting in motion a series of acts by
6   others which the actors knows or reasonably should know would cause others to inflict the
7   constitutional injury.'" Id. (quoting Johnson at 743.44).

8   The sole defendant in this action is an official employed by the U.S. Bureau of Prisons, and
9   the event at issue occurred while Plaintiff was incarcerated in a BOP facility. Plaintiff has not
10  alleged any facts indicating that Defendant acted under color of state law. Any claims pursuant to
11  42 U.S.C. § 1983 should therefore be dismissed.

12  Plaintiff may, however, proceed pursuant to Bivens v. Six Unknown Named Agents of the
13  Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens cause of action is a judicially created
14  counterpart to 42 U.S.C. § 1983 for claims against federal officers. Since federal officials do not
15  ordinarily act under color of state law, constitutional violations by federal officials are generally
16  beyond the reach of § 1983. Bivens established that "victims of a constitutional violation by a
17  federal agent have a right to recover damages against the official in federal court despite the absence
18  of any statute conferring such a right." Bivens, 403 U.S. at 396.

19  **B.   Heck v. Humphrey**

20  In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied
21  the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary
22  hearings. In Heck, the Court held that a state prisoner's claim for damages for unconstitutional
23  conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of
24  plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can
25  demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In
26  applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures
27  used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive
28  relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven,

would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. [2]

Although the specific facts of Balisok involved allegations of deceit and bias on the part of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the effect of invalidating the result of a disciplinary hearing. Here, Plaintiff's core factual allegation is that Defendant disregarded evidence that would exonerate Plaintiff. Because Plaintiff's claim necessarily implies the invalidity of his disciplinary hearing, Plaintiff's claim will not accrue until the conviction or sentence has been invalidated. Plaintiff has not alleged any facts suggesting that his disciplinary conviction has been reversed, expunged or otherwise invalidated. This claim should therefore be dismissed.

**III.    Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

---

[2] The reasoning set forth in Heck has been applied to claims brought pursuant to Bivens. Williams v.Hill, 74 F.3d 1339, 1341 (D.C. Cir. 1996)(reasoning that Bivens claims and § 1983 claims are similar and Heck applies to Bivens claims); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form for a Bivens action;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **November 15, 2011**                    /s/ **Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE