**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN LANGLEY, | CASE NO. 1:10-cv-00030 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| R. J. BALLASH, | (ECF No. 1) |
| Defendant. | |

**Screening Order**

**I.     Screening Requirement**

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). Pending before the Court is Plaintiff's December 1, 2011, first amended complaint filed in response to the November 16, 2011, order dismissing the original complaint with leave to amend.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claim

The events at issue in this action occurred at the U.S. Penitentiary at Atwater, where Plaintiff was housed at the time.[1] Plaintiff names as the defendant in this action R.J. Ballash, an employee of the U.S. Bureau of Prisons at Atwater. Defendant Ballash is the Disciplinary Hearing Officer at USP Atwater. Plaintiff's claim stems from a disciplinary conviction he suffered at Atwater.

Plaintiff alleges that he received a "misconduct report" for fighting. At his disciplinary hearing, Plaintiff indicated that he acted in self-defense. Specifically, Plaintiff was attacked by other inmates. Plaintiff alleges that a staff member "had already written a statement that I acted in self-defense." Plaintiff asked the hearing officer to review the video of the event, as it had taken place in view of a camera. Plaintiff's request was denied. Plaintiff was found guilty, and sentenced to 180 days loss of commissary and transfer to another correctional institution. Plaintiff alleges that Defendant deliberately ignored evidence that clearly indicated that Plaintiff acted in self defense.

### A.     Heck v. Humphrey

In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary

---

[1] Plaintiff is currently housed at the U.S. Penitentiary in Lewisburg, PA.

hearings. In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.[2] 512 U.S. at 487. In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646.[3]

Although the specific facts of Balisok involved allegations of deceit and bias on the part of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the effect of invalidating the result of a disciplinary hearing. In the order dismissing the original complaint, the Court noted that Plaintiff's core factual allegation is that Defendant disregarded evidence that would exonerate Plaintiff. Because Plaintiff's claim necessarily implied the invalidity of his disciplinary hearing, Plaintiff's claim could not accrue until the conviction or sentence has been invalidated. Plaintiff had not alleged any such facts in the original complaint, and it was therefore dismissed.

**I.    Conclusion and Order**

In the December 1, 2011, first amended complaint, Plaintiff re-states the allegations of the original complaint. Plaintiff alleges that Defendant denied Plaintiff a fair and impartial hearing and found Plaintiff guilty based on "false evidence." Plaintiff refers the Court to exhibits attached to his

---

[2] A judgment in plaintiff's favor would necessarily invalidate his federal conviction and sentence. Therefore, unless and until plaintiff's federal conviction is reversed, expunged or held invalid under Heck, he cannot maintain a Bivens claim. Heck, 512 U.S. at 486-87; Whitmore v. Harrington, 204 F.3d 784, 784-85 (8th Cir.2000) (Bivens action).

[3] The reasoning set forth in Heck has been applied to claims brought pursuant to Bivens. Williams v.Hill, 74 F.3d 1339, 1341 (D.C. Cir. 1996)(reasoning that Bivens claims and § 1983 claims are similar and Heck applies to Bivens claims); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995).

original complaint. The Court has reviewed the exhibits attached to the original complaint. Nothing in Plaintiff's exhibits indicates that Plaintiff's disciplinary conviction was reversed, expunged or otherwise invalidated. In the first amended complaint, Plaintiff fails to allege that his conviction was invalidated on any grounds. His claim is therefore not cognizable.

In the November 16, 2011, order the Court informed Plaintiff of the deficiencies in his complaint, and dismissed the complaint on the ground that Plaintiff had failed to allege that his conviction had been invalidated. Because Plaintiff has not cured the defect identified in the November 16, 2011, order, the Court dismisses this action without prejudice to the filing of a petition for writ of habeas corpus in a separate action. Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice to the filing of a petition for writ of habeas corpus in a separate action. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 8, 2011**               /s/ **Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE